UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRAIDY ORZEL, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>AMERICAN CORADIUS INTERNATIONAL, LLC<br><br>Defendant | Civil Case Number:<br><br><u>CIVIL ACTION</u><br><br>CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff FRAIDY ORZEL (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Law Office of Alan J. Sasson, P.C., against Defendants AMERICAN CORADIUS INTERNATIONAL, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with an office maintained in Amherst, New York.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    - All New York consumers who received a collection letter from Defendant attempting to collect an obligation owed to or allegedly owed to PayPal, Inc. ("PayPal"), that contains the alleged violations arising from Defendant's violation of 15 U.S.C. §1692e, *et seq*.
    - The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have

received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT PARTICULAR TO FRAIDY ORZEL

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

14. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a

Collection Letter to Plaintiff seeking to collect an unpaid tuition balance allegedly owing to PayPal.

15. On or around April 7, 2016 Defendant sent Plaintiff a collection letter. *See* **Exhibit A.**

16. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

18. Said April 7, 2016 Letter provided that the amount due was $273.08.

19. Said Letter also provided: "**Logon to www.acibillpay.com to see the repayment options available to you.**"

20. On May 26, 2016, upon following Defendant's instructions and logging on to Plaintiff's account, Plaintiff was indicated the following:

"The account balance may periodically increase due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise permitted by law." (*See* **Exhibit A page 3**).

21. As set forth in the following Complaint Defendant violated the FDCPA.

## First Count
## 15 U.S.C. §1692e *et seq.*
## False or Misleading Representations as to Status of Debt

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

24. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

25. Defendant violated §1692e by falsely suggesting that immediate payment of the balance

would benefit Plaintiff financially by stating that the account balance stated above would be subject to change, and could be subject to interest, late charges or other charges. As the account balance Defendant seeks to collect *never* varies from the date of issuance of its Collection, and Defendant *never* makes an adjustment due to the terms of the original credit agreement after it receives payment in the amount

26. Defendant was attempting to collect on Plaintiff's purportedly overdue with PayPal.

27. Upon information and belief, Plaintiff's account with PayPal was charged-off and is not subject to change, and will never increase due to any terms of the original agreement.

28. Upon information and belief, the amount due and collected by Defendant will never change due to interest, late charges or other charges.

29. Defendant's April 7, 2016 collection letter and the Screenshot of Defendant's website taken on May 26, 2016 reflect the exact same balance allegedly due and owing to Defendant, further evidencing Plaintiff's allegations.

30. Rather, upon information and belief, Defendant arbitrarily threatened that Plaintiff's account may be subject to such fees, in an attempt at pressuring Plaintiff into paying the account quickly, so as to avoid these non-existent fees.

31. Upon information and belief, Defendant has no legal or contractual right to change the amount that Plaintiff allegedly owes to the Creditor.

32. In the alternative, Defendant's letter misleadingly suggests that it would be of benefit to the Plaintiff money-wise if the Plaintiff would accept to make a payment immediately upon receipt of the letter, due to "interest or other charges" that could very well be added after the date of the letter. *Avila v. Riexinger & Assocs., LLC*, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *8 (2d Cir. Mar. 22, 2016) ("The district

court also expressed a concern that requiring debt collectors to disclose this information might lead to more abusive practices, as debt collectors could use the threat of interest and fees to coerce consumers into paying their debts. This is a legitimate concern. To alleviate it, we adopt the "safe harbor" approach adopted by the Seventh Circuit in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000)...The court[in Miller] held that a debt collector who used this form would not violate the [FDCPA], "provided, of course, that the information [the debt collector] furnishes is accurate.") (emphasis added).

33. In fact, Defendant had no legal or contractual right to take such actions.

34. As the amount the Defendant is attempting to collect never in fact vary from the date of issuance, and Defendant never makes adjustments after it receives payment in the amount of the initial letter, the statement in its letter is false, deceptive and misleading.[1]

35. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law**.**

36. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

---

[1] *Reeseg v. General Revenue Corporation*, Civ. No. 2: 14-CV-08033-WJM-MF (D.N.J. July 27, 2015) ([Plaintiff] sufficiently pleads that the collection letter is deceptive under § 1692e(10). Moreover, a debt collector may not threaten "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). For the reasons stated above, the least sophisticated consumer may also reasonably interpret the collection letter as a threat that [Defendant] may increase the amount owed, notwithstanding the fact that [Defendant] is contractually authorized to collect only the initial balance. . . . Additionally, the Court rejects [Defendant's] argument that the collection letter contains the "safe harbor" language described in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).); see also *Kolganov v. Phillips & Cohen Associates*, 2004 WL 958028 *3 (E.D.N.Y.)

## Second Count
## Violation of 15 U.S.C. § 1692e, *et seq*
## False or Misleading Representations as to the Rights of the Consumer

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

38. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

40. Collection letters are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

41. For purposes of 15 U.S.C. § 1692e, the failure to clearly provide the consumer with complete and accurate information notifying them of their rights and obligations is unfair and deceptive to the least sophisticated consumer.

42. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.[2]

43. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

44. The language in the letter that states "Whenever $600.00 or more in principal of a debt is discharged as a result of settling a debt for less than the balance owing, the creditor may

---

[2] *Pipiles v. Credit Bureau of Lockport, Inc*., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); *Russell v. Equifax A.R.S*., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

be required to report the amount of the debt discharged to the Internal Revenue Service" is a deceptive and misleading statement in violation of the FDCPA.

45. Here, the balance due and the settlement offer are not greater than the $600.00 IRS disclosure requirement; therefore, Defendant's statement regarding tax consequences is irrelevant and misleading in violation of the FDCPA.

46. Although Defendant had no duty to disclose any potential tax ramifications,[3] when Defendant chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to the tax consequences.

47. Here, because the settlement offer is not greater than $600.00, Defendant's statement regarding tax consequences is irrelevant.

48. Therefore, Defendant misrepresented the law by including a clause about an amount of debt higher than that owed by Plaintiff.

49. The gratuitous reference in Defendant's letter that its client may contact the IRS regarding a negotiated resolution to the debt at issue in this letter is a collection ploy suggesting to the "least sophisticated consumer" that he or she could get in trouble with the IRS if the debt is settled for less than the full amount.

50. The statement in said letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

51. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

---

[3] See. *Altman v. J.C. Christensen & Assocs*., 786 F.3d 191, 194, 2015 U.S. App. LEXIS 7980, *7 (2d Cir. N.Y. 2015). "[T]he FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt.")

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Law Office of Alan J. Sasson, P.C., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Alan J. Sasson
Alan J. Sasson, Esq. (AS 8452)
Law Office of Alan J. Sasson, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone:     (718) 339-0856
Facsimile: (347) 244-7178
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Alan J. Sasson
Alan J. Sasson, Esq.

Dated: May 26, 2016